# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| RONALD SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:18-cv-00110-LSC-TMP |
| | ) |
| GOVERNOR KAY IVEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

The plaintiff, a prisoner incarcerated at Limestone Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 1-3). The plaintiff alleges 20 defendants violated his constitutional rights during various incidents. (Doc. 2). Construing the plaintiff's complaint liberally, he claims he was assaulted by an inmate on August 7, 2011, and again on November 4, 2014, due to overcrowding in the prison. (Doc. 2 at 4, 9). He further claims that the Health Care Unit denied him adequate medical care for an injury to his left eye after he was assaulted on August 7, 2011. (*Id*. at 4). The plaintiff also complains that unspecified defendants have denied him access to the law library and confiscated his personal property. (*Id.* at 7, 9). The complaint seeks $12,000,000.00 from each defendant. (*Id*. at 8).

The Prison Litigation Reform Act ("PLRA") establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of the PLRA amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is where a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of federal court records reveals that the plaintiff has filed at least three cases or appeals that have been dismissed as frivolous or meritless, including: *Sutton v. McKee, et al.*, No. 06-12546-E (11th Cir. Oct. 13, 2006) (appeal frivolous); *Sutton v. Price, et al.*, No. 7:05-cv-01888-RDP-TMP (N.D. Ala. Jan. 9,

2007); and *Sutton v. Price, et al.*, No. 07-13052-J (11th Cir. Nov. 17, 2008) (appeal frivolous).[1] Therefore, the plaintiff comes within § 1915(g), which precludes him from commencing this action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The undersigned has reviewed the allegations in the plaintiff's complaint carefully and is satisfied he has not alleged facts demonstrating he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Specifically, the plaintiff complains that in August 2011 and November 2014, an inmate assaulted him as a result of overcrowding in the prison. (Doc. 2 at 4, 9). The plaintiff further complains that unspecified defendants denied him access to the law library and confiscated his property. (*Id*. at 7, 9). However, the plaintiff's complaints concerning inmate assaults which occurred 4-6 years ago, access to the law library, and confiscation of his personal property do not establish that he is in imminent danger of serious physical injury.

While the plaintiff also claims that the Health Care Unit failed to provide him with "proper [medication]" for an "ongoing" eye injury he sustained after the August 2011 inmate assault, the plaintiff does not allege the current state and

---

[1] Suits dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(d), the predecessor statute to § 1915(e), constitute "strikes." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 728-30 (11th Cir. 1998); *Hernandez v. Ryan*, No. 10-22789, 2010 WL 3447486 (S.D. Fla. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation available at 2010 WL 3447487).

severity of his eye condition or associate any of the named defendants with failing to provide him medical care within the applicable statute of limitations.[2] (Doc. 2 at 4). Moreover, it appears the plaintiff received treatment for his eye condition, but he would merely prefer a different course of treatment instead. (*Id.*). Thus, the plaintiff has not alleged facts sufficient to show that he is in "imminent danger of serious physical injury," under 28 U.S.C. § 1915(g).

Recognizing that he has multiple prior strikes, the plaintiff also makes conclusory claims that he is under imminent danger because he has "suffered a mental, and emotional injury since his incarceration at the Limestone Correctional Facility." (Doc. 2 at 8). However, the plaintiff's vague and general claims are insufficient to show that he is facing imminent danger of serious physical injury. Accordingly, the plaintiff's application to proceed *in forma pauperis* is **DENIED**.

Because the plaintiff failed to pay the filing and administrative fees of $400.00 at the time he filed this complaint, the court **ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE**. The plaintiff may initiate a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees of $400.00.

For information regarding the cost of appeal, see the attached notice.

---

[2] At most, the plaintiff alleges Dr. Hood refused to allow medical staff at Crestwood Hospital to perform surgery on his eye in August 2011 and that he was administered eye drops instead. (Doc. 2 at 4).

The Clerk is **DIRECTED** to serve a copy of this order and a § 1983 complaint form on the plaintiff.

**DONE** AND **ORDERED** ON JANUARY 29, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

In Replying Give Number
of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith  
Clerk of Court

PLRA Notice